United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREMONT BANK,<br>　　　　Plaintiff,<br>　　v.<br>ROBERT J SIGNORELLI, et al.,<br>　　　　Defendants. | Case No. 18-cv-04808-HSG<br><br>**ORDER DENYING PLAINTIFF'S APPLICATION FOR RIGHT TO ATTACH ORDER AND WRIT OF ATTACHMENT**<br><br>Re: Dkt. No. 13 |

On August 8, 2018, Plaintiff Fremont Bank brought this action against Robert Signorelli and Kathryn Signorelli, both individually and as trustees of the Signorelli Family Living Trust ("Family Trust"), and Signorelli Family, L.P. ("the Partnership") for breach of contract and breach of written guaranty. *See* Dkt. No. 1 ("Compl."). On August 31, 2018, Plaintiff filed this Application for a Right to Attach Order, Writ of Attachment, and Temporary Protective Order. *See* Dkt. No. 13 ("Mot."). Defendants filed a response on November 20, 2018. Dkt. No. 29 ("Opp."). Plaintiff filed a reply on December 7, 2018. Dkt. No. 31 ("Reply"). The Court held a hearing on this motion on December 13, 2018, after which Defendant submitted a supplemental declaration. *See* Dkt. No. 32. Having rereviewed the request closely, and having found relevant authority both parties failed to cite, the Court **DENIES** the application.

## I. BACKGROUND

As alleged in Plaintiff's complaint, Plaintiff and Defendant Robert Signorelli entered into a Business Loan Agreement on February 3, 2018, under which Plaintiff would loan up to $1,000,000. Compl. ¶¶ 8–9. A note reflecting this loan required monthly payments until a maturity date, at which point the balance—any outstanding principal and accrued interest—would be due and payable in full. *Id.* Authorized representatives of the Family Trust and the Partnership

guaranteed the loan. *Id.* ¶ 10–12. After various notes and agreements extending the term of the loan, Plaintiff alleges that Mr. Signorelli ultimately entered into an agreement, under which he "was required to make monthly payments, beginning on June 1, 2018, and continuing each month thereafter." *Id.* ¶ 27. Plaintiff further alleges that no payments were received on June 1 (or thereafter), triggering a default, which accelerated the loan such that the outstanding balance of $871,539.74 "became due and payable immediately." *Id.* ¶¶ 28–31.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 64, "[e]very remedy is available that, under the law of the state where the court is located, provides for seizing a person or property to secure satisfaction of the potential judgment." Fed. R. Civ. P. 64(a). One such remedy is attachment. Fed. R. Civ. P. 64(b).

In California, the procedures and grounds for obtaining orders permitting prejudgment writs of attachment are governed by the California Code of Civil Procedure, section 481.010 *et seq.*[1] In general, an order of attachment may be issued only in an action for a claim of money based on an express or implied contract where the total amount of such claim is a fixed or "readily ascertainable" amount not less than $500.00. *See* Cal. Code Civ. Proc. § 483.010(a).

Section 484.090 provides that before issuing an attachment order, the court must find all of the following: (1) the claim upon which the attachment is based is one upon which an attachment may be issued; (2) the applicant has established "the probable validity" of the claim upon which the attachment is based; (3) the attachment is not sought for a purpose other than recovery on the claim upon which the request for attachment is based; and (4) the amount to be secured by the attachment is greater than zero. Cal. Code Civ. Proc. § 484.090(a). In addition, a writ of attachment will not be issued if the property to be attached is either not attachable or exempt from attachment under California law. *See* Cal. Code Civ. Proc. § 484.090(b); *see also id.* § 487.010; *id.* § 487.020.

The moving party bears the burden of establishing its entitlement to an order of

---

[1] All references to "section" are to the California Code of Civil Procedure.

2

attachment. *Loeb & Loeb v. Beverly Glen Music, Inc.*, 212 Cal. Rptr. 830, 834 (Ct. App. 1985). The application for a right to attach order must be supported by an affidavit or declaration showing that the applicant, on the facts presented, would be entitled to a judgment on the claim upon which the proposed attachment is based. Cal. Code Civ. Proc. § 484.030. The affidavit or declaration must state the facts "with particularity." Cal. Code Civ. Proc. § 482.040.

## III. DISCUSSION

As a threshold matter, Defendant argued in opposition to Plaintiff's application that there has been inadequate service of process in this case. *See* Opp. at 2. Defense counsel withdrew, and thus waived, any objections to service of process at the hearing on this motion.

Turning to the merits of this application, to determine whether Plaintiff is entitled to the order and writ it seeks, the Court applies the factors set forth in section 484.090(a) and determines whether the property to be attached is attachable and/or exempt from attachment. "If the court determines that property of the defendant is exempt from attachment, in whole or in part, the right to attach order shall describe the exempt property and prohibit attachment of the property." Cal. Code Civ. Proc. § 484.090(c).

### A. Claim Supporting Attachment

A claim is one upon which an attachment may be issued if the claim is (1) "for money . . . based upon a contract, express or implied," (2) of a "fixed or readily ascertainable amount not less than $500," (3) which is either unsecured or secured by personal property, and (4) is a "commercial claim." Cal. Code Civ. Proc. § 483.010; *see also Douglas v. Smith*, No. 09-1365, 2010 WL 1734903, at *1 (C.D. Cal. Apr. 28, 2010).

Here, Plaintiff's claim is for money and is based on an express contract, the Business Loan Agreement (and, consequently, the loan modification and letter agreements). *See* Dkt. No. 13-2 ("Silzle Decl."). The claim is also for a readily ascertainable amount that is not less than $500—it is for $871,529.74. *Id.* ¶ 22.

The final two requirements also are met. Plaintiff attests that the claim is not secured by real property, and the Business Loan Agreement stated that the funds could not be used for anything other than "Borrower's business operations, unless specifically consented to the contrary

3

by Lender in writing." *Id.* ¶¶ 6, 26.

Accordingly, Plaintiff's claim is one for which attachment is available.

### B. Probable Validity

A claim has "probable validity" where "it is more likely than not that the plaintiff will obtain a judgment against the defendant on the claim." Cal. Code Civ. Proc. § 481.190. In other words, a plaintiff must establish a prima facie case. *See Plata v. Darbun Enter., Inc.*, No. 09-44, 2009 WL 3153747, at *4 (S.D. Cal. Sept. 23, 2009). Under California law, to establish a prima facie case for a breach of contract, a plaintiff must show (1) a contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) damage to plaintiff. *See Walsh v. W. Valley Mission Cmty. Coll. Dist.*, 78 Cal. Rptr. 2d. 725, 733 (Ct. App. 1998).

For purposes of this motion, Plaintiffs have made such a showing. Plaintiff established there was a contract, which Plaintiff performed by providing money under the terms of the loan, which Defendant breached by failing to timely pay as required, and which resulted in damages to Plaintiff—a substantial unpaid balance.

For these reasons, the Court finds that Plaintiff's claim has "probable validity."

### C. Purpose of Recovery

The attachment sought is for the sole purpose of preserving Plaintiff's right to recover their damages as a result of Defendants' alleged breach, not for anything else. *See* Sizzle Decl. ¶ 25. Thus, Plaintiff has met this element.

### D. Greater than Zero

The attachment sought is for $871,529.74, an amount greater than zero. *See id.* ¶ 22. Thus, Plaintiff has met this element as well.

### E. Attachability

Section 487.010 sets forth the categories of property that may be subject to attachment. Here, Plaintiff seeks prejudgment attachment of property related to Mr. Signorelli, the Partnership, and the Family Trust, which the Court considers individually. *See* Mot. at 3–4.

#### i. Mr. Signorelli

As to Mr. Signorelli, Plaintiff seeks writs of attachment for the following property:

4

    a. Any and all interests held in accounts receivable, chattel paper, and general intangibles arising out of conduct of a trade, business, or profession, except any such claim with a principal balance of less than one hundred fifty dollars ($150.00).

    b. Any and all interest held by defendant in community property that would be subject to enforcement of judgment in this lawsuit.

    c. Any and all interests in real property, except leasehold estates with unexpired terms of less than one year, including but not limited to:

        i. **APN 116-994-001-0005**: 1 Huntington Park Cir Houston, TX 77024-5069

    d. Negotiable documented of title, instruments, securities.

    e. Any and all right, title and interest in any monies due or to become due under any policy of insurance, including, but not limited to, claims under any policy of insurance.

Mot. at 3–4. Plaintiff's application is impermissibly broad in at least two respects. First, the only property Plaintiff identifies with particularity is real property in Houston, Texas. But a prejudgment writ of attachment under California law cannot reach property outside of California. *See Taylor v. Taylor*, 218 P. 756, 758 (1923); *see also Paul H. Aschkar & Co. v. Curtis*, 327 F.2d 306, 310 (9th Cir. 1963) (holding there is no district court prejudgment attachment jurisdiction out of state).

Second, Plaintiff identifies "[a]ny and all right, title and interest in any monies due or to become due under any policy of insurance, including, but not limited to, claims under any policy of insurance," but there appears to be no statutory basis for issuing a writ of attachment as to insurance policies. *Compare* Mot. at 3 (identifying this property), *with* Cal. Code Civ. Proc. § 487.010(c)–(d) (outlining attachable property "[w]here the defendant is a natural person").

The Court is mindful that under California law a plaintiff can simply list the categories of attachable assets as provided in section 487.010 in a motion for right to attach order, even as to natural-person defendants. *See Bank of America v. Salinas Nissan, Inc.*, 254 Cal. Rptr. 748, 753 (Ct. App. 1989) ("We do not understand [the general requirement to identify property with specificity] to prohibit a plaintiff from targeting for attachment everything an individual defendant owns. So long as the property descriptions are adequate, section 484.020, subdivision (e), allows for the possibility that a plaintiff may want to make such a comprehensive attempt, possibly in

order to provoke and resolve an individual defendant's exemption claims all at once."). But despite California's relaxed specificity requirements, this Court cannot go beyond what is permitted under the statute. In turn, the Court cannot grant Plaintiff's application as written.

### ii. Partnership

As to the Partnership, Plaintiff seeks writs for attachment for "[a]ll of the [Partnership's] property which is subject to attachment pursuant to subdivision (a) of Code of Civil procedure section 487.010." Mot. at 3. That subdivision, however, applies to corporate defendants. *See* Cal. Code Civ. Proc. § 487.010(a) ("Where the defendant is a corporation, all corporate property for which a method of levy is provided by Article 2 (commencing with Section 488.300) of Chapter 8."). The subdivision applicable to partnership defendants is subdivision (b) of section 487.010. *See id.* § 487.010(b) ("Where the defendant is a partnership or other unincorporated association, all partnership or association property for which a method of levy is provided by Article 2 (commencing with Section 488.300) of Chapter 8.). Any renewed application should refer to the proper subdivision for identifying attachable property of the Partnership defendant.[2]

### iii. Family Trust

As to the Family Trust, Plaintiff's attachment description appears to treat the trust as a natural person. *Compare* Mot. at 3–4 (requesting attachment as to the Family Trust for "[a]ny and all interests held in accounts receivable, chattel paper, and general intangibles arising out of a conduct of a trade, business, or profession, except any such claim with a principal balance of less than one hundred fifty dollars ($150.00))" *with* Cal. Code Civ. Proc. § 487.010(c)(2) (permitting such attachment "[w]here the defendant is a natural person"). Although Mr. and Mrs. Signorelli—acting as trustees—are natural persons, the trust itself is not a natural person. *See Kadison, Pfaelzer, Woodard, Quinn & Rossi v. Wilson*, 197 Cal. Rptr. 595, 596–97 (Ct. App. 1987). This distinction is consequential because it does not appear that attachable property related to a natural-

---

[2] The Court notes that because the Partnership is not a natural person, a general reference to property subject to attachment under section 487.010 satisfies California law's specificity requirement. *See* Cal. Code Civ. Proc. § 484.020(e) ("Where the defendant is a partnership or other unincorporated association, a reference to 'all property of the partnership or other unincorporated association which is subject to attachment pursuant to subdivision (b) of Code of Civil Procedure Section 487.010' satisfies the requirements of this subdivision.").

6

person defendant is necessarily also attachable for a trust defendant. For example, section 487.010 provides that certain "community property" of a natural person is subject to attachment. *See* Cal. Code Civ. Proc. § 487.010(d). But it does not appear that there is a method for levy of "community property" in Article 2 of Chapter 8, which must be true for property of a trust defendant to be attachable. *See id.* § 487.010.

Because Plaintiff seeks the right to attach property related to the Family Trust that does not appear attachable under California law, the Court cannot grant Plaintiff's application, as proposed.[3]

### F. Exemption from Attachment

Section 487.020 describes property exempt from attachment. The debtor claiming the exemption bears the burden of proving an exemption applies. Cal. Code Civ. Proc. § 703.580(b). Here, Defendants only invoke one exemption: "Property which is necessary for the support of a defendant who is a natural person or the family of such defendant supported in whole or in part by the defendant." Cal. Code Civ. Proc. § 487.020(b); *see* Opp. at 4 ("It is critical that Defendant have their accounts unencumbered to alow [sic] them to pay personal bill [sic] and living expenses for things such as food gasoline, health insurance and other basic everyday living expenses.").

What qualifies as "necessary for support" of a judgment debtor's family is ill-defined. *Choice Hotels Int'l, Inc. v. Penta Denver, LLC*, No. 13-80249-WHA-JSC, 2015 WL 3830691, at *3 (N.D. Cal. June 19, 2015). Courts consider all income available to the judgment debtor and his family, including the separate earnings of the spouse. *See* Cal. Code Civ. Proc. § 703.115 ("[T]he court shall take into account all property of the judgment debtor and, to the extent the judgment debtor has a spouse and dependents or family, all property of such spouse and dependents or family, including community property and separate property of the spouse, whether or not such property is subject to enforcement of the money judgment."). And this requires, among other things, that the debtor produce "a financial statement detailing the earnings of all family members and listing their assets and obligations." *See Construction Laborers Trust Funds for S. Cal.*

---

[3] The Court notes that because the Family Trust is not a natural person, a general reference to property subject to attachment satisfies California law's specificity requirement. *See id.* § 484.020(e).

7

*Admin. Co. v. Dominguez*, No. CV 17-7164 AB (SSx), 2017 WL 5633031, at *9 (C.D. Cal. Nov. 21, 2017) (quoting Cal. Judges Benchbook, Cal. Proc. Before Trial § 14.80). Courts should ensure that the judgment debtor "retain[s] enough money to maintain a basic standard of living, so that the debtor may have a fair chance to remain a productive member of the community." *Barnhill v. Robert Saunders & Co.*, 177 Cal. Rptr. 803, 806 (Ct. App. 1981).

Although Defendants recently submitted additional financial information to support their opposition to Plaintiff's application, *see* Dkt. No. 32, the showing is inadequate to support the "necessary for support" exemption.

## IV. CONCLUSION

Because Plaintiff's application seeks an order declaring a right to attach property not permitted under California law, the Court **DENIES** Plaintiff's motion. Any renewed application may be filed as an administrative motion, and need not be regularly noticed under Local Rule 7-2. In the event Plaintiff submits a renewed application, Defendant shall have three days to oppose the application. Unless otherwise ordered, the matter will be deemed submitted three days after the filing of any renewed application.

**IT IS SO ORDERED.**

Dated: 12/17/2018

HAYWOOD S. GILLIAM, JR.
United States District Judge