UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

FREMONT BANK,

        Plaintiff,

    v.

ROBERT J SIGNORELLI, et al.,

        Defendants.

Case No. 18-cv-04808-HSG

**ORDER GRANTING PLAINTIFF'S RENEWED APPLICATION FOR RIGHT TO ATTACH ORDER AND WRIT OF ATTACHMENT**

Re: Dkt. No. 35

Pending before the Court is Plaintiff Fremont Bank's renewed Application for a Right to Attach Order, Writ of Attachment, and Temporary Protective Order, filed on December 21, 2018. *See* Dkt. No. 35 ("Mot."). The Court denied Plaintiff's initial application because it sought an order declaring a right to attach property not permitted under California law. *See* Dkt. No. 33 at 8. Defendants—Robert Signorelli, both individually and as trustee of the Signorelli Family Living Trust ("Family Trust"), Kathryn Signorelli as trustee of the Family Trust, and Signorelli Family, L.P. ("the Partnership")—filed an opposition to Plaintiff's renewed motion on December 26, 2018. *See* Dkt. No. 36. Having carefully considered the parties' arguments, the Court **GRANTS** Plaintiff's renewed application.[1]

//

---

[1] The Court finds the motion appropriate for disposition without oral argument. *See* Civ. L.R. 7-1(b). Because the Court held a hearing on the initial motion to address whether Plaintiff satisfied the statutory requirements for a right to attach order and writ of attachment, and whether Defendants demonstrated a claim of exemption, California's hearing requirements are satisfied. *See* Cal. Code Civ. Proc. § 484.040 ("No order or writ shall be issued under this article except after a hearing"); *see also id.* §§ 484.050–484.090 (detailing what findings a court must make after a hearing before issuing a right to attach order and writ of attachment). And because a hearing is unnecessary for this renewed motion, Plaintiff's request for a temporary protective order pending hearing on this application is moot.

United States District Court
Northern District of California

## I. BACKGROUND

Plaintiff filed the pending application after the Court's prior order denying Plaintiff's initial application for a right to attach order, writ of attachment, and temporary protective order. *See* Dkt. No. 33 ("Right to Attach Order").[2] In the Right to Attach Order, the Court concluded that Plaintiff met the statutory requirements for a right to attach order and writ of attachment but that Plaintiff's application was impermissibly broad under California law in the following respects: (1) it sought to attach real property purportedly owned by Mr. Signorelli outside of California; (2) it sought to attach Mr. Signorelli's insurance policies; (3) it misidentified the statutory basis for attachable property of the Partnership defendant; and (4) it appeared to treat the Family Trust as a natural-person defendant and sought to attach property not attachable for a trust defendant. *Id.* at 4–7. The Court also concluded that Defendants did not meet their burden of proving a claim of exemption. *Id.* at 7–8.

## II. DISCUSSION

Plaintiff's renewed application corrects the initial application's errors identified in the Right to Attach Order. Plaintiff's renewed application also refers to property not previously identified in the initial application. *See* Mot. at 3 (identifying Mr. Signorelli's interest in Pine Brooke Partners, PE, Bay City Partners, PE, and River Star Partners, as well as securities held in two wealth management accounts). In opposition to the renewed application, Defendants argue that (1) Plaintiff seeks to attach accounts that are exempt as "necessary for the support of a defendant who is a natural person or the family of such defendant supported in whole or in part by the defendant"; and (2) Plaintiff seeks to attach property that "clearly exceeds the amount necessary to satisfy the amount to be secured by the attachment." *See* Opp. at 2–6. Defendants raised these same arguments in opposition to Plaintiff's initial application. *See* Dkt. No. 29 at 3–4 (arguing Plaintiff sought to attach "far more than the outstanding obligation that Plaintiff claims it is owed" and that "[i]t is critical that Defendant have their accounts unencumbered to alow [sic]

---

[2] The Court detailed the factual background in its Right to Attach Order, and incorporates those unchanged facts and the legal analysis from the Right to Attach Order here. In this order, the Court only discusses the facts and legal standards as necessary to address issues raised in the renewed motion and Defendants' opposition.

them to pay personal bill [sic] and living expenses for things such as food gasoline, health insurance and other basic everyday living expenses"). Separately, Defendants note that one newly identified property—River Star Partners—"was sold and distributed in 2017." Opp. at 4.

As to Defendants' first argument, the Court previously found that Defendants did not make an adequate showing to support the "necessary for support" exemption. *See* Right to Attach Order at 7–8. And while Defendants present some financial information to support their opposition to Plaintiff's renewed application, *see* Dkt. No. 36-1, the showing is again inadequate, for the same reasons discussed in the Right to Attach Order.

As to Defendants' second argument, although Plaintiff's application broadly identifies all attachable property under California law, it only seeks attachment of property "in the amount of $871,539.74." *See* Mot. at 10. More important, Defendants themselves reference section 488.720, which provides an adequate remedy to secure immediate release of excessive attachment, if that were to occur. *See* Opp. at 2. "Section 488.720 authorizes a defendant to notice a motion for return of property levied upon that is clearly of value in excess of that necessary to satisfy the amount to be secured by the attachment." *N. Hollywood Marble Co. v. Superior Court*, 204 Cal. Rptr. 55, 61 (Ct. App. 1984). Should Plaintiff levy upon property with value clearly exceeding $871,539.74, Defendants may submit a motion under section 488.720.

Last, the Court finds that a right to attach order and writ of attachment should not extend to Mr. Signorelli's interest in River Star Partners, based on Defendants' representation that the account "was sold and distributed in 2017." *See* Opp. at 4.

## III. CONCLUSION

The Court **GRANTS** Plaintiff's renewed application for a right to attach order and writ of attachment in the amount of $871,539.74, except as to Mr. Signorelli's interest in River Star Partners.[3] Plaintiff is **DIRECTED** to prepare proposed writs of attachment consistent with this

---

[3] Before a writ of attachment can issue, the requesting party must post an appropriate undertaking under section 489.210. California law sets the amount of the undertaking at $10,000, unless a party objects to that amount. Cal. Code Civ. Proc. § 489.220. Plaintiff here posted a $10,000 undertaking, as noted in Plaintiff's renewed motion. *See* Mot. at 10. Because Defendants did not object to the $10,000 undertaking, the Court finds that Plaintiff has posted an appropriate undertaking to secure the writ of attachment.

order—in the form approved by the state of California—for issuance by the Clerk of the Court.

The Court also **SETS** a further case management conference for January 22, 2019 at 2:00 p.m.

     **IT IS SO ORDERED.**

Dated: 1/2/2019

HAYWOOD S. GILLIAM, JR.
United States District Judge