UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREMONT BANK,<br>　　　　Plaintiff,<br>　　v.<br>ROBERT J SIGNORELLI, et al.,<br>　　　　Defendants. | Case No. 18-cv-04808-HSG<br><br>**ORDER TO SHOW CAUSE WHY THE COURT SHOULD NOT RESCIND OR MODIFY WRITS OF ATTACHMENT** |

On January 2, 2019, this Court issued an order granting Plaintiff Fremont Bank's renewed application for right to attach order and writ of attachment. Dkt. No. 37 ("Order"). The Order considered the permissibility under California law for attaching property identified by Plaintiff in its renewed application and found that, as described by Plaintiff, the property appeared attachable. Reaching that conclusion, the Court directed Plaintiff to "prepare proposed writs of attachment consistent with this order—in the form approved by the state of California—for issuance by the Clerk of the Court." *Id.* at 3–4. On January 8, 2019, Plaintiff submitted proposed writs of attachment, which the Clerk of the Court signed and issued the next day. *See* Dkt. Nos. 39–40.

The Court is now concerned, however, with Plaintiff's proposed writs of attachment. Whereas Plaintiff's renewed application identified certain property affiliated with Mr. Signorelli, Plaintiff's proposed writs now reflect that the property may be located out of state. *Compare, e.g.*, Dkt. No. 35 at 3 (identifying "Pine Brook Partners, PE," "Account No. 313-92224," and "Account No. 313-92226"), *with* Dkt. No. 39 (identifying "Pine Brook Partners II, L.P.; c/o Intertrust Corporate Services Delaware Ltd., 200 Bellevue Parkway Suite 210, Wilmington, DE, 19809," "Account No. 313-92224; 200 Vesey Street, 5th Floor, New York, New York, 10281," and "Account No. 313-92226; 200 Vesey Street, 5th Floor, New York, New York, 10281"). Plaintiff's

United States District Court
Northern District of California

proposed writs also identify RBC Wealth Management accounts affiliated with Signorelli Family L.P. that Plaintiff did not previously identify in its renewed application. *Compare*, Dkt. No. 35 at 3, *with* Dkt. No. 39-1 (identifying two RBS Wealth Management accounts). These accounts also appear to be located out of state. *See* Dkt. No. 39-1.[1]

These changes demonstrate that Fremont Bank did not—as the Court instructed—submit proposed writs of attachment "consistent with [the Court's] order." *See* Order at 3–4. The Court is especially concerned that Fremont Bank's modifications appear to seek attachment of out-of-state property when the Court denied Fremont Bank's initial application for right to attach order and writ of attachment, in part, for that reason. *See* Dkt. No. 33 at 5 ("[T]he only property Plaintiff identifies with particularity is real property in Houston, Texas. But a prejudgment writ of attachment under California law cannot reach property outside of California. *See Taylor v. Taylor*, 218 P. 756, 758 (1923); *see also Paul H. Aschkar & Co. v. Curtis*, 327 F.2d 306, 310 (9th Cir. 1963) (holding there is no district court prejudgment attachment jurisdiction out of state)). If there is some principled distinction between the prejudgment attachment of real property located out of state and securities held in accounts located out of state, Plaintiff should have brought that to the Court's attention.

//
//
//
//
//
//
//
//

---

[1] Plaintiff made other amendments, which appear less consequential. For example, Fremont Bank initially identified "Bay City Partners, PE," but now identifies "Bay City Partners, LLC." *Compare* Dkt. No. 35 at 3, *with* Dkt. No. 39.

2

In light of these concerns, the Court **ORDERS** Plaintiff to file by January 11, 2019 a statement of five pages or less explaining why the Court should not rescind, or at least modify, the writs of attachment already issued. Plaintiff's statement must explain, with supporting case law, why its writs of attachment may extend to what appears to be out-of-state property. The statement must also explain why the descriptions of property in the proposed writs of attachment deviate from what was listed as attachable property in Plaintiff's renewed application.[2]

**IT IS SO ORDERED.**

Dated: 1/10/2019

HAYWOOD S. GILLIAM, JR.
United States District Judge

---

[2] Defendant may, but need not, submit a statement of five pages or less objecting to property identified in Plaintiff's proposed writs. Any objection must not repeat arguments previously rejected by the Court in either the order denying Plaintiff's initial application or the order granting Plaintiff's renewed application.

3