UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREMONT BANK,<br><br>    Plaintiff,<br><br>v.<br><br>ROBERT J SIGNORELLI, et al.,<br><br>    Defendants. | Case No. 18-cv-04808-HSG<br><br>**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT**<br><br>Re: Dkt. No. 45 |

Pending before the Court is Plaintiff Fremont Bank's motion for summary judgment or, in the alternative, for summary adjudication against Defendants Robert J. Signorelli, both individually and as trustee of the Signorelli Family Living Trust ("Family Trust"); Kathryn Signorelli as trustee of the Family Trust; and Signorelli Family, L.P. ("the Partnership"). Briefing on the motion is complete. Dkt. Nos. 45 ("Mot"), 52 ("Opp."), 53 ("Reply"). The Court held a hearing on the motion on April 18, 2019. For the reasons below, the Court **GRANTS** Plaintiff's motion for summary judgment.

I. BACKGROUND[1]

Plaintiff and Defendant Robert J. Signorelli ("Borrower" or "Mr. Signorelli") entered into a Business Loan Agreement on February 3, 2015, under which Plaintiff agreed to loan Mr. Signorelli up to $1,000,000. Dkt. No. 45-3 ("Silzle Decl.") Ex. A. A promissory note dated the same day, evidencing this loan, required monthly payments until a March 3, 2016 maturity date, at which point the balance—any outstanding principal and accrued interest—would be due and payable in full. *Id.* Ex. B. Authorized representatives of the Family Trust and the Partnership

---

[1] Except as where noted otherwise, relevant facts are undisputed.

(collectively, "Guarantors") guaranteed the loan. *Id.* Exs. C–D. The Guarantors "absolutely and unconditionally guarantee[d] full and punctual payment and satisfaction of the Indebtedness of [Mr. Signorelli] to [Fremont Bank]." *See, e.g.*, *id.* Ex. C, at 1. Fremont Bank subsequently disbursed funds to Mr. Signorelli. *Id.* ¶ 11.

Through various notes and agreements—and with the Guarantors' consent—Fremont Bank and Mr. Signorelli extended the term of the loan several times, with Mr. Signorelli ultimately entering into an agreement that required him to make monthly payments of accrued interest and principal in the amount of $8,600, beginning on June 1, 2018, and continuing each month thereafter. *Id.* Exs. E–J. Mr. Signorelli executed each document, and above his signatures on all but the final two loan documents is an acknowledgment that he read and agreed to all provisions.[2] *See, e.g.*, *id.* Ex. A, at 7 ("Borrower acknowledges having read all the provisions of this business loan agreement and borrower agrees to its terms."); Dkt. No. 27 ¶¶ 8–21 (admitting that Mr. Signorelli "entered into" and "executed" the relevant documents). In addition, Mr. Signorelli's signed initials appear on several pages that were not the last page. *See, e.g.*, *id.* Ex. A, at 5; *id.* Ex. C, at 3. Each document identified Mr. Signorelli and the Guarantors' addresses as either 703 Bruce Spruce, Danville, CA 94506 or 5224 Blackhawk Drive, Danville, CA 94506. *See, e.g.*, *id.* Ex. A, at 1 ("Borrower maintains an office at 703 Bruce Spruce, Danville, CA 94506."); *id.* Ex. G (identifying Blackhawk Drive address). The loan documents detailed that Defendants were required to notify Fremont Bank of any change in address. *See, e.g.*, *id.* Ex. A, at 1 ("Borrower will notify Lender prior to any change in the location of Borrower's principal office address . . . ."); *id.* Ex. C, at 4 ("Any party may change its address for notices under this Guaranty by giving formal written notice to the other parties . . . . For notice purposes, Guarantor agrees to keep Lender informed at all times of Guarantor's current address."); *id.* Ex. D, at 4 (same).

As mandated under the last-dated agreement, Mr. Signorelli was required to make a $8,600 payment on June 1, 2018 and every month thereafter. *Id.* Ex. J. Fremont Bank attests that it did not receive a June 1, 2018 payment, or any payment thereafter. Mot. at 4 (citing Silzle Decl.

---

[2] Defendants' answer to the complaint does not dispute that Mr. Signorelli received complete copies of the final two loan documents. Dkt. No. 27 ("Answer") ¶¶ 25–26.

¶ 20). Defendants maintain that they "made the June 1, 2018 loan payment in the amount of $8,600.00," but that Fremont Bank "failed to credit the June 1, 2018 payment to the principal and interest, as agreed in the letter agreement, and instead applied the payment for alleged late fees and other charges not related to the principal loan payment." Opp. at 3. Defendants do not dispute that they failed to make a July 1, 2018 payment, or any payment thereafter.

Whenever Mr. Signorelli first missed a payment—June 1, 2018 or July 1, 2018—the failure to pay triggered a default, which entitled Fremont Bank to accelerate the loan. *See* Silzle Decl. Ex. I, ¶¶ 7.1 (providing that Mr. Signorelli's timely payments were a condition subsequent), 7.2 (providing that "in the event each of the foregoing conditions is not satisfied or waived, in Bank's sole and absolute discretion, within the applicable time period provided for satisfaction thereof, the same shall, without further notice or demand, constitute a default by Borrower . . . and Bank shall be entitled to exercise any and all remedies available to Bank under the Loan Documents . . . including, without limitation, accelerating the Loan"); *id.* Ex. J (providing that "all terms and provisions" of existing loan documents "continue[d] in full force and effect," through the last-signed agreement between the parties). Fremont Bank exercised its right, accelerated the loan, and on July 19, 2018, sent a Notice of Default to Mr. Signorelli at the 703 Bruce Spruce address, as well as 1 Huntington Park Circle, Houston, TX 77014-5069, an address nowhere else listed on prior agreements in the record. *Id.* Ex. K.

Defendants claim they did not receive the Notice of Default. Opp. at 4 (citing Dkt. No. 52-3 ("Signorelli Decl.") ¶ 11). Although the 703 Bruce Spruce address was identified as Mr. Signorelli's address on all but one loan document, Defendants argue that "Defendants have never resided" there. *Id.* (citing Signorelli Decl. ¶ 11). Defendants argue the other address was also incorrect because Mr. Signorelli moved out of that residence in July 2018. *Id.* (citing Signorelli Decl. ¶ 6).

On August 8, 2018, Plaintiff Fremont Bank brought this action for breach of contract and breach of the written guaranties. *See* Dkt. No. 1. Defendants contend that "the first time [they] learned that that [sic] they were allegedly in default was when Plaintiff's complaint was served" on the nanny of Mr. Signorelli's son. Opp. at 4 (citing Signorelli Decl. ¶ 11). The corresponding

proofs of service filed with the Court indicate that this service occurred on September 20, 2018. *See, e.g.*, Dkt. No. 20.

## II. LEGAL STANDARD

Summary judgment is proper when a "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is "genuine" if there is evidence in the record sufficient for a reasonable trier of fact to decide in favor of the nonmoving party. *Id.* The Court views the inferences reasonably drawn from the materials in the record in the light most favorable to the nonmoving party, *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587–88 (1986), and "may not weigh the evidence or make credibility determinations," *Freeman v. Arpaio*, 125 F.3d 732, 735 (9th Cir. 1997), *overruled on other grounds by Shakur v. Schriro*, 514 F.3d 878, 884–85 (9th Cir. 2008).

The moving party bears both the ultimate burden of persuasion and the initial burden of producing those portions of the pleadings, discovery, and affidavits that show the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Where the moving party will not bear the burden of proof on an issue at trial, it "must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000). Where the moving party will bear the burden of proof on an issue at trial, it must also show that no reasonable trier of fact could not find in its favor. *Celotex Corp.*, 477 U.S. at 325. In either case, the movant "may not require the nonmoving party to produce evidence supporting its claim or defense simply by saying that the nonmoving party has no such evidence." *Nissan Fire & Marine Ins. Co.*, 210 F.3d at 1105. "If a moving party fails to carry its initial burden of production, the nonmoving party has no obligation to produce anything, even if the nonmoving party would have the ultimate burden of persuasion at trial." *Id.* at 1102–03.

"If, however, a moving party carries its burden of production, the nonmoving party must

4

produce evidence to support its claim or defense." *Id.* at 1103. In doing so, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co.*, 475 U.S. at 586. A nonmoving party must also "identify with reasonable particularity the evidence that precludes summary judgment." *Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996). If a nonmoving party fails to produce evidence that supports its claim or defense, courts enter summary judgment in favor of the movant. *Celotex Corp.*, 477 U.S. at 323.

## III. DISCUSSION

Fremont Bank's motion contends that the undisputed facts show: (1) Mr. Signorelli breached the Business Loan Agreement and thus Fremont Bank is entitled to summary judgment on the complaint's first cause of action; (2) the Guarantors breached their written guaranties and thus Fremont Bank is entitled to summary judgment on the complaint's second and third causes of action; and (3) Fremont Bank is entitled to attorneys' fees and costs. Mot. at 5–10. Defendants counter that a genuine dispute of material fact about whether Defendants tendered the June 1, 2018 loan payment precludes summary judgment.[3] Opp. at 7–8. According to Defendants "this raises a question of fact regarding whether the Bank's notice of default and subsequent filing of this action are invalid." *Id.* at 8. Defendants also argue (1) that summary judgment is unwarranted because they intend to amend their answer to the complaint, and (2) that Fremont Bank improperly seeks attorneys' fees and costs on certain grounds. *Id.* at 8–9.

### A. The June 1, 2018 Payment

Nothing about the purported dispute over the June 1, 2018 payment raises a question of material fact that precludes summary judgment. Even accepting Defendants' version of events as true—that they "paid the monthly payment that was due on June 1, 2018," but Fremont Bank

---

[3] Defendants alternatively argue that summary judgment is unwarranted on procedural grounds, because Fremont Bank failed to "include a separate statement setting forth plainly and concisely all material facts which the moving party contends are undisputed," as is required under California Code of Civil Procedure Section 437c(b)(1). Opp. at 5–6. It is long-established and undebatable that federal courts apply federal procedural law in diversity jurisdiction cases, such as thus one. *See Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938). And in this circumstance, not only do the Federal Rules of Civil Procedure not require such statements, but this Court's Civil Standing Orders prohibit them. The Court thus rejects this alternative basis for denying summary judgment.

1  "wrongfully applied that payment towards alleged late fees"—that would in no way change that

2  Defendants failed to make any payments thereafter. *See id.* at 8. It similarly would not render

3  Fremont Bank's Notice of Default invalid, because the notice was dated July 19, 2018, and there is

4  no dispute that by that point Mr. Signorelli had failed to make the July 1, 2018 payment.

### B. Other Disputed Facts

Although Defendants only argue that the purported dispute over the June 1, 2018 payment is a material fact that precludes summary judgement, they allude to several other purported factual disputes. Given that the Court at this stage must determine if there is any evidence in the record sufficient for a reasonable trier of fact to decide in favor of the nonmoving party, it considers whether these other facts might preclude summary judgment, for the sake of completeness. *See Anderson*, 477 U.S. at 248.

First, Defendants claim that Fremont Bank would only provide Mr. Signorelli the signature page for loan documents "and have him sign it without providing the entire document and promising to provide the entire document at a later date which it never did." Opp. at 2 (citing Signorelli Decl. ¶ 5). This purported factual dispute, however, is immaterial. Whatever Defendants might claim they did not know about the relevant documents, they admit to being fully aware of their obligation to make timely payments starting June 1, 2018 and each month thereafter. *See* Dkt. No. 27 ¶ 27 (admitting that under the relevant loan document, Mr. Signorelli was required to make such payments). And Defendants do not dispute that, at a minimum, they failed to make a timely payment on July 1, 2018. Thus, even if the Court were to find that Fremont Bank's provision of loan documents in their entirety is a disputed fact, it is immaterial and thus does not preclude summary judgment. *See Anderson*, 477 U.S. at 248.

Second, Defendants claim that Fremont Bank "has never provided an accounting of payments made by Defendants and the proper amount outstanding." Opp. at 3. It is unclear how Defendants' accounting argument is in any way relevant to liability. In any event, there is no evidence in the record that Defendants ever requested an accounting, either before Fremont Bank commenced this action or through fact discovery, which closed on March 11, 2019. *See* Dkt. No. 47 (Scheduling Order). Nor do Defendants allege that they were owed an accounting under any

6

relevant law. There is thus no evidence in the record that creates a genuine and reasonable dispute as to whether Fremont Bank failed to provide a requested or mandatory accounting, nor is there any indication that this purported factual dispute is material.

Third, Defendants claim that Fremont Bank sent the Notice of Default to two incorrect addresses. The loan documents, however, state in no uncertain terms that notices under the agreements would be sent to the 703 Bruce Spruce address, would be considered effective at the time of mailing, and that Mr. Signorelli was required to notify Fremont Bank of any change to this address. *See* Silzle Decl. Ex. 1, at 1 (identifying Mr. Signorelli's address as 703 Bruce Spruce, and providing that "Borrower will notify Lender prior to any change in the location of Borrower's principal office address"), 6 ("Any notice required to be given under this Agreement shall be given in writing, and shall be effective . . . if mailed, when deposited in the United States mail . . . directed to the addresses."). But Defendants do not claim that they ever notified Fremont Bank of any change in address. Defendants' complaint that the 703 Bruce Spruce address "is an address that Defendants have never resided," and that "[i]n fact, no-one in the Signorelli Family has ever resided at that address," is thus irrelevant. *See* Opp. at 4 (citing Signorelli Decl. ¶ 11). The loan documents identify the 703 Bruce Spruce address as a *business* address, which is unsurprising for a *business* loan. *See* Silzle Decl. Ex. A, at 1 ("Borrower maintains an office at 703 Bruce Spruce, Danville, CA 94506."). Defendants assertion that they "have never resided" at this address is both undisputed and meaningless.

### C. Amendment of the Pleading

Defendants argue that summary judgment should be denied because they "are seeking leave to file an amended Answer in this action to allege affirmative defenses based upon the foregoing wrongful acts and misrepresentations by Plaintiff and its employees." Opp. at 8. Defendants claim that they only secured their current counsel on November 2, 2018, and that an answer to the complaint was due November 13, 2018. *Id.* According to Defendants, "given the complex nature of this case, the large amount of documentation involved having to deal with three other simultaneous cases involving the real property that underlies the subject loan, Defendants' counsel had to rush to get an Answer on file on November 13, 2018." *Id.* at 8–9.

The Court finds numerous problems with this basis for denying summary judgment. To start, no such request for leave has been filed to date. And even were Defendants to file a motion for leave to amend its answer at this point, the Court sees no reason why leave would be warranted. Under Federal Rule of Procedure 15(a)(2), "leave to amend shall be freely granted 'when justice so requires.'" *Townsend v. Univ. of Alaska*, 543 F.3d 478, 485 (9th Cir. 2008) (quoting Fed. R. Civ. P. 15(a)(2)). The five factors relevant to determining proper amendment are (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and (5) previous amendments. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Wash. State Republican Party v. Wash. State Grange*, 676 F.3d 784, 797 (9th Cir. 2012) (same factors). Courts weigh prejudice to the opposing party most heavily. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." *Id.* (emphasis in original).

Here, there has been substantial undue delay. Even if defense counsel "had to rush to get an Answer on file on November 13, 2018," that was more than five months ago. Since then, fact discovery has closed and Plaintiff's summary judgment motion has been fully briefed. In addition, when Defendants raised in a joint case management statement dated January 18, 2019 that they "intend[ed] to seek leave to file a cross-complaint against Plaintiff" based on "recently discovered information," the Court set a schedule for resolving any request for leave at the corresponding case management conference ("CMC"). *See* Dkt. No. 46 at 2.[4] The Court and all parties agreed that Defendants had a deadline of January 31, 2019 to share any proposed cross-complaint with Plaintiff, and that Plaintiff would have until February 6, 2019 to decide whether it opposed any leave to file the cross-complaint. If Plaintiff opposed, Defendants would file a motion for leave, and Plaintiff agreed to a shortening of time for consideration of such a motion. Over two months later, Defendants continued delay is more than undue.

There also would be substantial prejudice to Fremont Bank at this juncture. Defendants

---

[4] At the CMC, Defendants stated that the cross-complaint was "mostly prepared," and that they anticipated submitting a motion for leave to file the cross-complaint "next week."

8

have not paid anything to Fremont Bank under the breached loan giving rise to this action in almost a year. After a fully-briefed summary judgment motion that demonstrates Fremont Bank's clear entitlement to judgment, any further delay would result in serious prejudice. Finally, based on all of the newly-raised facts detailed in Defendants' opposition to the pending motion, the Court cannot see how amendment would be anything but futile. As discussed above, Defendants have made several factual claims about Fremont Bank's conduct, but none of them are either supported by evidence in the record or relevant to whether Defendants owe Plaintiff the money at issue here.

For these reasons, the Court finds no basis for denying summary judgment based on Defendants as-yet-unrequested leave to file an amended answer.

### D. Attorneys' Fees and Costs

As Fremont Bank states in its motion, the Business Loan Agreement and other loan documents provided that Mr. Signorelli would be liable for Plaintiff's attorneys' fees and expenses accrued in relation to this action. Mot. at 9–10. Each guaranty agreement further provided that the Guarantors would be liable for such obligations by Mr. Signorelli. *Id.* at 10. Fremont Bank accordingly seeks "attorneys' fees and costs accrued in this matter as of February 9, 2019 total[ing] $41,844.61." *Id.*

Defendants do not dispute that under the terms of the relevant agreements, they are responsible for reasonable attorneys' fees and costs, provided that Fremont Bank otherwise prevails on summary judgment. Defendants argue, however, that any such award should not include fees and costs incurred by Plaintiff that stem from its failure to submit in the first instance a proper motion for a right to attach order and issuance of writs of attachment. Opp. at 9. Plaintiff does not defend its right to such costs and fees in its reply brief.

The Court agrees with Defendants that Plaintiff is not entitled to attorneys' fees and costs that resulted from its own mistakes. Based on invoices submitted to the Court, roughly $17,500 in legal fees were incurred in connection with the motion for a right to attach order and issuance of writs of attachment. *See* Dkt. No. 45-2; *id.* Ex. A. The Court determines from its review of the records submitted that Plaintiff expended at least $11,000 of that figure in preparing the initial

motion. Awarding this amount properly compensates Plaintiff for fees and costs incurred in connection with the motion for a right to attach order and issuance of writs of attachment without rewarding Plaintiff for its own mistakes.

Given that the Court finds a downward adjustment of $6,500 in attorneys' fees and costs is warranted, the Court **GRANTS** Plaintiff's request for attorneys' fees and costs in the amount of $35,344.61.

### E. Damages

Fremont Bank seeks an award of $966,053.19, consisting of (1) $840,200.00 in outstanding principal, (2) $83,270.99 in accrued unpaid interest, (3) $737.59 in late fees, and (4) $41,844.61 in attorneys' fees and costs. Mot. at 2. Defendants only contest Fremont Bank's entitlement to attorneys' fees and costs, in the manner detailed above.

The Court agrees that Plaintiff is entitled to each category of damages under the terms of the relevant contracts. Other than the computation of attorneys' fees and costs, the Court further agrees with the calculations set forth by Plaintiff, which Defendants do not dispute. Accordingly, the Court finds that Fremont Bank is entitled to (1) $840,200.00 in outstanding principal, (2) $83,270.99 in accrued unpaid interest, (3) $737.59 in late fees, and (4) $35,344.61 in attorneys' fees and costs.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiff's motion for summary judgment against Defendants, for the amounts described in Section III.E of this order. The clerk is directed to enter judgment in favor of Fremont Bank and close the file.

**IT IS SO ORDERED.**

Dated: 4/19/2019

HAYWOOD S. GILLIAM, JR.
United States District Judge