UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREMONT BANK,<br>             Plaintiff,<br>v.<br>ROBERT J SIGNORELLI, et al.,<br>             Defendants. | Case No. 18-cv-04808-HSG (DMR)<br><br>**REPORT AND RECOMMENDATION RE: CIVIL CONTEMPT AND REQUEST FOR SANCTIONS**<br><br>Re: Dkt. No. 74 |

Plaintiff Fremont Bank filed a motion for issuance of an Order to Show Cause why Defendant Robert J. Signorelli ("Signorelli") should not be held in civil contempt for failure to comply with a court order. The motion also requests a coercive monetary sanction payable to the Court and a compensatory sanction in the form of a fee award to Fremont Bank. [Docket No. 74.] No opposition was filed. The court held a hearing on April 28, 2022. Neither Signorelli nor his counsel of record Robin M. Pearson appeared. The court issued the Order to Show Cause, ordered Signorelli and Pearson to appear for a hearing on May 12, 2022, and deferred ruling on monetary sanctions until determination of the contempt proceedings. [Docket No. 78 (Cause Order).] Signorelli and Pearson did not appear at the May 12, 2022 hearing. For the following reasons, the court finds that Signorelli failed to comply with two court orders and certifies the underlying facts to the Honorable Haywood S. Gilliam. The court also recommends that Plaintiff's request for attorneys' fees be granted in part and that Pearson be referred to the Northern District of California's Standing Committee on Professional Conduct.

**I.     BACKGROUND**

The background of this dispute is set forth in the Cause Order. In relevant part, judgment was entered for Plaintiff in the amount of $959,553.19 against Defendants Robert J. Signorelli, Kathryn R. Signorelli, and Signorelli Family, L.P. in April 2019. [Docket Nos. 56, 57.] Defendants have not satisfied the judgment.

In January 2020, Judge Gilliam referred the case to the undersigned for post-judgment collection issues. [Docket No. 59.] Plaintiff moved for a judgment debtor examination of Signorelli and production of 13 categories of documents. The court granted the motion on November 5, 2021 and ordered Signorelli to appear on December 1, 2021 for a judgment debtor examination via Zoom videoconference, and to produce the requested documents on that date. [Docket No. 66 (Nov. 5, 2021 Order).] Plaintiff was unable to serve Signorelli with notice of the judgment debtor examination at his last known address, and counsel asserts on information and belief that he was evading service. Plaintiff hired TransWest Investigations, Inc. to locate and effect service on Signorelli. [Docket No. 74-2 (Kirschenbaum Decl., Mar. 24, 2022) ¶¶ 7, 12.]

Plaintiff moved to continue the December 1, 2021 judgment debtor examination so that it could make another service attempt. [Docket No. 67.] On November 24, 2021, the court granted the motion and rescheduled the examination for February 2, 2022 at 9:30 am via Zoom videoconference, ordering Signorelli to appear and produce the requested documents on that date. [Docket No. 68 (Nov. 24, 2021 Order).] The ECF docket entry for the November 24, 2021 Order includes the Zoom videoconference information and reflects that Pearson, Signorelli's counsel, received notice of the filing. [*See* Docket No. 68.] Plaintiff personally served Signorelli with the November 24, 2021 order on December 14, 2021. Kirschenbaum Decl. ¶ 9, Ex. B (Proof of Service).

Signorelli and Pearson did not appear at the February 2, 2022 judgment debtor examination nor did Signorelli produce any documents. Kirschenbaum Decl. ¶ 10. The court's Minute Order reflects Signorelli's failure to appear. [Docket No. 70.][1]

Plaintiff subsequently moved for issuance of an Order to Show Cause why Signorelli should not be held in contempt for violating the November 24, 2021 Order by failing to appear or produce documents at the February 2, 2022 debtor examination. Plaintiff also moved for civil contempt sanctions of $100 per day payable to the Court for each day Signorelli fails to comply

---

[1] Matthew Gluck, counsel for Signorelli's son, appeared at the February 2, 2022 Zoom proceeding. He did not make an appearance as counsel for Signorelli. According to Plaintiff's counsel, Gluck has explicitly stated that he does not represent Signorelli.

with the November 24, 2021 Order.  Finally, Plaintiff sought attorneys' fees and costs it incurred in connection with its attempts to obtain Signorelli's appearance at the judgment debtor examination on February 2, 2022 and in bringing this motion.  *See, e.g., General Signal Corp. v. Donallco, Inc.*, 787 F.2d 1376, 1379-80 (9th Cir. 1986) (discussing sanctions for civil contempt in the form of compensatory awards for actual losses, as well as coercive sanctions imposed to coerce compliance with a court order).

Signorelli did not file an opposition to the motion, nor did he appear at the April 28, 2022 hearing.  Pearson also did not appear.  [Docket No. 77 (Minute Order).]

On April 28, 2022, the court granted Plaintiff's motion for issuance of an Order to Show Cause and ordered Signorelli to personally appear for a civil contempt hearing on May 12, 2022 via Zoom videoconference and show cause for his failure to comply with the November 24, 2021 Order.  Cause Order 5.  The court instructed Plaintiff to serve the Cause Order on Signorelli by U.S. Mail at his last known address and to file proof of service.  *Id*. at 6.  The court noted that it would defer the issue of coercive and compensatory sanctions until it made findings on its order to show cause.  *Id*.

As to Pearson, the court noted that she has not moved to withdraw from representing Signorelli and remains his counsel of record.  She received notice of all relevant proceedings via ECF at her email address of record, robin.pearson@ropers.com, which corresponds to the Ropers Majeski firm with which she is associated on ECF.  *Id*.  Based on the court's research, Pearson now works for a different law firm, Brothers Smith LLP.  *See* https://www.brotherssmithlaw.com/legal-team/robin-m-pearson/ (last visited 6/15/2022).  However, she has not updated her contact information on ECF to reflect her new firm in violation of Civil Local Rule 3-11(a), which provides that "[a]n attorney . . . whose address changes while an action is pending must promptly file with the Court and serve upon all opposing parties a Notice of Change of Address specifying the new address."  The court noted that this may be the second time that Pearson did not promptly update her ECF address, thereby causing problems in her ability to receive notice of filings in this case via ECF.  Cause Order 5 (citing Docket No. 63-1 (Pearson Decl., Apr. 22, 2020) ¶¶ 3, 5-6, 9 (explaining that when she moved her practice to Ropers

3

Majeski, she set her old address to automatically forward emails to her new Ropers Majeski address, which suggests that she waited some period of time before updating her ECF information)). Therefore, the court ordered Pearson to appear at the May 12, 2022 hearing and show cause why she should not be sanctioned for her failure to comply with Local Rule 3-11(a), failure to appear at the February 2, 2022 judgment debtor examination, and failure to appear at the April 28, 2022 hearing on Plaintiff's Motion for an Order to Show Cause. *Id.* at 5-6.

Plaintiff filed proof of service of the Cause Order on Signorelli on April 29, 2022. [Docket No. 79.] The court also served the Cause Order and Minute Order for the April 28, 2022 hearing on Pearson via email at her current firm, Brothers Smith LLP.

The court held a civil contempt hearing on May 12, 2022, at which counsel for Plaintiff appeared, but Signorelli and Pearson did not. [Docket No. 80 (Minute Order).] The court ordered Plaintiff to file a supplemental declaration supporting the request for attorneys' fees, which Plaintiff timely filed. [Docket No. 81 (2d Kirschenbaum Decl., May 17, 2022).]

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 69(a) governs execution of money judgments and provides that the law of the forum state controls "[t]he procedure on execution." Fed. R. Civ. P. 69(a)(1). It further provides that "the judgment creditor . . . may obtain discovery from any person—including the judgment debtor—as provided in these rules or by the procedure of the state where the court is located." Fed. R. Civ. P. 69(a)(2). Therefore, California law applies here. Fremont Bank sought an order for a debtor examination pursuant to California Code of Civil Procedure section 708.110, which provides for post-judgment examination of the judgment debtor:

> The judgment creditor may apply to the proper court for an order requiring the judgment debtor to appear before the court, or before a referee appointed by the court, at a time and place specified in the order, to furnish information to aid in enforcement of the money judgment.

Cal. Civ. Proc. Code § 708.110(a). The judgment creditor must "personally serve a copy of the order on the judgment debtor not less than 10 days before the date set for the examination." Cal. Civ. Proc. Code § 708.110(d). The judgment creditor may also propound discovery to the judgment debtor, including requests for production and/or inspection of documents. Cal. Civ.

4

1  Proc. Code § 708.030(a).

2      A judgment debtor may be held in contempt for failure to appear for a judgment debtor examination. Cal. Civ. Proc. Code § 708.170(a)(1) (providing for contempt or issuance of an arrest warrant for failure to appear for a debtor's examination). If the judgment debtor's "failure to appear is without good cause, the judgment creditor shall be awarded reasonable attorney's fees incurred in the examination proceeding," and such an award "shall be added to and become part of the principal amount of the judgment." Cal. Civ. Proc. Code § 708.170(a)(2).

    As a procedural matter, "[c]ontempt proceedings are instituted by the issuance of an Order to Show Cause ('OSC') why a contempt citation should not issue and a notice of a date for the hearing." *Alcalde v. NAC Real Est. Invs. & Assignments, Inc.*, 580 F. Supp. 2d 969, 971 (C.D. Cal. 2008) (citing Schwarzer, Tashima & Wagstaffe, *Cal. Practice Guide: Federal Civil Procedure Before Trial* at ¶ 11:2316)); *see Salamon v. Creditors Specialty Serv., Inc.*, No. C 11-172 CW, 2012 WL 4857810, at *3 (N.D. Cal. Oct. 11, 2012) (describing contempt proceedings).

    "Civil contempt . . . consists of a party's disobedience to a specific and definite court order by failure to take all reasonable steps within the party's power to comply." *Reno Air Racing Ass'n., Inc. v. McCord*, 452 F.3d 1126, 1130 (9th Cir. 2006) (quoting *In re Dual-Deck Video Cassette Recorder Antitrust Litig.*, 10 F.3d 693, 695 (9th Cir. 1993)). "The contempt 'need not be willful.'" *Reno Air Racing*, 452 F.3d at 1130 (quoting *In re Dual-Deck*, 10 F.3d at 695 (quotation omitted)). A "party alleging civil contempt must demonstrate that the alleged contemnor violated the court's order by 'clear and convincing evidence,' not merely a preponderance of the evidence." *In re Dual-Deck*, 10 F.3d at 695 (citation omitted). Once the moving party makes its initial showing, "[t]he burden then shifts to the contemnors to demonstrate why they were unable to comply," *FTC v. Affordable Media, LLC*, 179 F.3d 1228, 1239 (9th Cir. 1999), and the alleged contemnors must show that they "performed 'all reasonable steps within their power to insure compliance' with the court's orders." *Stone v. City & Cty. of San Francisco*, 968 F.2d 850, 856 (9th Cir. 1992) (quoting *Sekaquaptewa v. MacDonald*, 544 F.2d 396, 404 (9th Cir. 1976)).

    If the court holds the party in civil contempt, it should impose "the minimum sanction necessary to obtain compliance" as "civil sanctions are wholly remedial." *Whittaker Corp. v.*

*Execuair Corp.*, 953 F.2d 510, 517 (9th Cir. 1992). "A civil contempt order must be accompanied by a 'purge' condition, meaning, it must give the contemnor an opportunity to comply with the order before payment of the fine or other sanction becomes due." *Martinez v. City of Pittsburg*, No. C11-01017-SBA, 2012 WL 699462, at *3 (N.D. Cal. Mar. 1, 2012) (citations omitted).

28 U.S.C. § 636(e) "requires a magistrate to refer contempt charges to a district court judge" if the parties have not consented to jurisdiction before a magistrate judge. *Grimes v. City & Cty. of San Francisco*, 951 F.2d 236, 240 (9th Cir. 1991); *see* 28 U.S.C. § 636(e)(3)-(4). The magistrate judge may "certify the facts to a district judge," who then must "hear the evidence as to the act or conduct complained of and, if it is such as to warrant punishment, punish such person in the same manner and to the same extent as for a contempt committed before a district judge." 28 § 636(e)(6)(B). *See, e.g.*, *Yan v. Lei*, No. 11-cv-01814-RS (JSC), 2019 WL 7879950, at *2 (N.D. Cal. Nov. 12, 2019) (issuing report and recommendation regarding judgment creditor's request for civil contempt, sanctions, and incarceration), *report and recommendation adopted*, 2020 WL 613959 (N.D. Cal. Jan. 15, 2020).

### III.    DISCUSSION

#### A.    Signorelli

##### 1.    Contempt

As set forth above, Signorelli failed to comply with two court orders: the November 24, 2021 Order continuing the judgment debtor examination to February 2, 2022 and the April 28, 2022 Cause Order. Signorelli was personally served with the November 24, 2021 Order and Plaintiff served him with the Cause Order via U.S. Mail. In addition to docketing the Cause Order, the court served Signorelli's counsel of record with it via email. The record demonstrates that Signorelli received proper notice of both orders but failed to comply with them. The evidence is therefore clear and convincing that Signorelli has disobeyed court orders without offering justification for his non-compliance. *See Yan*, 2019 WL 7879950, at *2 (repeated non-compliance by judgment debtor evidences that the debtor "does not respect this Court's authority or appreciate the gravity of his willful failure to comply").

Based on the foregoing, the court certifies the following facts to Judge Gilliam:

1. On November 5, 2021, the undersigned granted Plaintiff's motion for a judgment debtor examination of Signorelli and ordered Signorelli to appear on December 1, 2021 for a judgment debtor examination via Zoom videoconference, and to produce 13 categories of requested documents on that date.
2. On November 24, 2022, the undersigned continued the judgment debtor examination to February 2, 2022 via Zoom videoconference and ordered Signorelli to appear and to produce the 13 categories of requested documents on the date of the examination. Plaintiff served the November 24, 2022 Order on Signorelli via personal service.
3. Signorelli did not appear at the February 2, 2022 judgment debtor examination and did not produce any documents.
4. On March 24, 2022, Plaintiff filed a motion for issuance of an Order to Show Cause why Signorelli should not be held in civil contempt for violating the November 24, 2021 Order by failing to appear or produce documents at the February 2, 2022 judgment debtor examination. The court granted the motion on April 28, 2022 and ordered Signorelli to personally appear for a hearing before the court on May 12, 2022 at 1:00 p.m. via Zoom videoconference and show cause for his failure to comply with the November 24, 2021 Order. Plaintiff served the Cause Order on Signorelli via U.S. Mail.
5. On May 12, 2022, the undersigned held a hearing via Zoom videoconference. Signorelli did not appear.
6. Signorelli has failed to comply with the November 24, 2021 Order and the Cause Order.
7. The uncontroverted record demonstrates by clear and convincing evidence that Signorelli has failed to comply with two court orders.
8. Signorelli has not justified his non-compliance. He has made no showing that he took reasonable steps to ensure compliance with the court orders.

Accordingly, the undersigned recommends that Judge Gilliam schedule a hearing pursuant

to 28 U.S.C. § 636(e)(6)(B)(iii) and order Signorelli to appear and show cause why he should not be held in civil contempt for disobeying the November 24, 2021 Order and the Cause Order based on the facts this court has certified.[2]

If Judge Gilliam finds Signorelli in contempt based on the violations of the November 24, 2021 and the Cause Order, the undersigned further recommends that he:

1. Compel Signorelli to appear at a judgment debtor examination on a date certain and to produce all of the documents identified in the November 24, 2021 Order at that time; and, if Signorelli fails to appear at the judgment debtor examination and produce the documents at the designated date and time,

2. Issue a coercive sanction of $50 per day,[3] payable to the Clerk of the Court for the United States District Court, Northern District of California, to accrue every day until Signorelli complies with the November 24, 2021 Order by appearing for the judgment debtor examination scheduled by Judge Gilliam and producing all requested documents; and

3. Warn Signorelli that refusal to comply with the order will result in further sanctions and possible criminal contempt proceedings.

### 2. Compensatory Sanctions

Plaintiff moves for compensatory sanctions in the form of attorneys' fees and costs incurred in connection with its attempts to obtain Signorelli's appearance at the judgment debtor examination on February 2, 2022 and in bringing this motion. "Sanctions for civil contempt may be imposed to coerce obedience to a court order, or to compensate the party pursuing the contempt action for injuries resulting from the contemptuous behavior, or both." *Gen. Signal Corp.*, 787 F.2d at 1380. "Compensatory awards are limited to 'actual losses sustained as a result of the contumacy.'" *Id.* (emphasis removed) (quoting *Shuffler v. Heritage Bank*, 720 F.2d 1141, 1148 (9th Cir. 1983)).

The court determines reasonable attorneys' fees according to the lodestar analysis, which

---

[2] *See Alcalde*, 580 F. Supp. 2d at 974-75.

[3] Plaintiff seeks coercive sanctions of $100 per day. The undersigned recommends $50 per day as the "minimum sanction necessary to obtain compliance." *Whittaker Corp.*, 953 F.2d at 517.

multiplies the number of hours reasonably expended on the matter by a reasonable hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Jordan v. Multnomah Cty.*, 815 F.2d 1258, 1262 (9th Cir. 1987). The party seeking fees bears the initial burden of establishing the hours expended litigating the case and must provide detailed time records documenting the tasks completed and the amount of time spent. *Hensley*, 461 U.S. at 434; *Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 945–46 (9th Cir. 2007). The requesting party also has the burden to demonstrate that the rates requested are "in line with the prevailing market rate of the relevant community." *Carson v. Billings Police Dep't*, 470 F.3d 889, 891 (9th Cir. 2006) (internal quotation marks and citation omitted).

Fee awards calculated under the loadstar method generally are presumed to be reasonable. *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1208-09 (9th Cir. 2013). At the same time, the court may adjust this figure "if circumstances warrant" in order "to account for other factors which are not subsumed within it." *Ferland v. Conrad Credit Corp.*, 244 F.3d 1145, 1149 n.4 (9th Cir. 2001). The court "should . . . exclude from the lodestar fee calculation any hours that were not 'reasonably expended,' such as hours that are excessive, redundant, or otherwise unnecessary." *Rodriguez v. Barrita, Inc.*, 53 F. Supp. 3d 1268, 1281 (N.D. Cal. 2014) (quoting *Hensley*, 461 U.S. at 433-34).

Plaintiff requests an award of $11,432 in attorneys' fees, representing 7.6 hours of work performed by Jeffrey B. Kirschenbaum at the requested rate of $450 per hour; 20.3 hours of work performed by Raymond E. Loughrey at the requested rate of $375 per hour; and two hours of work performed by Yumeng Xu at the requested rate of $200 per hour. 2d Kirschenbaum Decl. ¶¶ 4-17. Kirschenbaum states that he is a 1988 graduate of the University of California Berkeley School of Law "with substantial experience in banking litigation." *Id*. at ¶ 4. Loughrey is a 1990 graduate of the University of Virginia School of Law with over 30 years of business litigation and trial experience. Xu is a first-year associate. *Id*. at ¶ 5, 6. Based on the court's own experience and knowledge, the hourly rates requested are within the range of reasonable hourly rates for attorneys of comparable skill, experience, and reputation doing similar work in the San Francisco Bay Area. *See Ingram v. Oroudjian*, 647 F.3d 925, 928 (9th Cir. 2011) ("judges are justified in

relying on their own knowledge of customary rates and their experience concerning reasonable and proper fees."). Accordingly, the court finds the requested rates are reasonable.

"In determining reasonable hours, counsel bears the burden of submitting detailed time records justifying the hours claimed to have been expended." *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210 (9th Cir. 1986) (citing *Hensley*, 461 U.S. at 429). The court may reduce the number of hours "where documentation of the hours is inadequate; if the case was overstaffed and hours are duplicated; if the hours expended are deemed excessive or otherwise unnecessary." *Id*.

Plaintiff seeks attorneys' fees of $11,432 for five categories of work: 1) preparation of the motion for a judgment debtor examination; 2) preparation of the motion to continue the judgment debtor examination; 3) preparation for and appearance at the February 2, 2022 judgment debtor examination; 4) preparation of the motion for issuance of an order to show cause; and 5) communication with the client. 2d Kirschenbaum Decl. ¶ 17. Kirschenbaum's declaration contains detailed descriptions of the hours incurred in connection with the foregoing categories of work. *Id*. at ¶¶ 7-16.

The court finds that only the time spent preparing the motion for issuance of an order to show cause is compensable, since that is the only category of "actual loss[ ] sustained as a result of" Signorelli's failure to comply with the November 24, 2021 Order. *See Gen. Signal Corp.*, 787 F.2d at 1380. The first three categories pertain to work performed before Signorelli violated any court order. As to the fifth category, communication with the client, Kirschenbaum states that he spent 1.9 hours communicating with Plaintiff "regarding the collection of the judgment between August 2021 and February 2021" in connection with "preparing for the debtor's exam and preparing the moving papers." 2d Kirschenbaum Decl. ¶ 16. He does not explain what portion of that time was spent communicating with Plaintiff after Signorelli violated the November 24, 2021 Order. Accordingly, the time spent in the first, second, third, and fifth categories is not compensable as part of Plaintiff's pursuit of the contempt action because Plaintiff has not shown that these fees were caused by Signorelli's violation of the November 24, 2021 Order. *See Gen. Signal Corp.*, 787 F.2d at 1380.

The fourth category of work involves preparation of the motion for issuance of a court

1  order. Plaintiff requests an award of $4,155, representing 10.8 hours of time. 2d Kirschenbaum
2  Decl. ¶¶ 13-15. The court finds that the number of hours billed is reasonable and recommends that
3  the district court award the requested amount of $4,155.

Plaintiff also requests $3,880.35, the cost of its November 2021 investigation into Signorelli's location for the purpose of personally serving him with notice of the judgment debtor examination. Kirschenbaum Decl. ¶ 12. This cost was not incurred as a result of Signorelli's failure to comply with the November 24, 2021 Order, and Plaintiff offers no support for its claim that this cost is compensable in connection with these contempt proceedings. Accordingly, the court recommends that the request for reimbursement of investigation costs be denied.

### B. Pearson

The docket reflects that Pearson is counsel of record for Signorelli. The court ordered Pearson to appear at the May 12, 2022 hearing and show cause why she should not be sanctioned for her failure to comply with Local Rule 3-11(a) by updating her contact information on ECF and failure to appear at the February 2, 2022 judgment debtor examination and the April 28, 2022 hearing on Plaintiff's Motion for an Order to Show Cause. In addition to serving Pearson through the ECF docketing process, the court also served the Cause Order and Minute Order for the April 28, 2022 hearing on Pearson via email at her new law firm. She did not appear. Given Pearson's failure to comply with Local Rule 3-11(a), failure to appear at the judgment debtor examination and April 28, 2022 hearing, and failure to comply with the court's Cause Order, the court recommends that Pearson be referred to the court's Standing Committee on Professional Conduct.

## IV. CONCLUSION

For the foregoing reasons, the court recommends that Judge Gilliam schedule a hearing pursuant to 28 U.S.C. § 636(e)(6)(B)(iii) and order Robert J. Signorelli to appear and show cause why he should not be held in civil contempt for disobeying the November 24, 2021 Order and the Cause Order based on the facts this court has certified. If Judge Gilliam finds Signorelli in contempt based on the violations of the November 24, 2021 and the Cause Order, the undersigned further recommends that he:

1. Compel Signorelli to appear at a judgment debtor examination on a date certain and

to produce all of the documents identified in the November 24, 2021 Order at that time; and, if Signorelli fails to appear at the judgment debtor examination and produce the documents at the designated date and time,

2. Issue a coercive sanction of $50 per day, payable to the Clerk of the Court for the United States District Court, Northern District of California, to accrue every day until Signorelli complies with the November 24, 2021 Order by appearing for the judgment debtor examination scheduled by Judge Gilliam and producing all requested documents;

3. Warn Signorelli that refusal to comply with the order will result in further sanctions and possible criminal contempt proceedings; and

4. Order Signorelli to pay Plaintiff $4,155 in compensatory sanctions.

The court further recommends that Judge Gilliam refer Attorney Robin M. Pearson to the court's Standing Committee on Professional Conduct.

Plaintiff shall immediately serve this report and recommendation on Signorelli via personal service and certified mail at his last known address and file proof of service.  Plaintiff shall also immediately serve this report and recommendation on Pearson via certified mail at her current firm, Brothers Smith LLP, and file proof of service.

Any party may file objections to this report and recommendation with the district judge within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(a); N.D. Cal. Civ. L.R. 72-2.

**IT IS SO ORDERED.**

Dated: June 28, 2022



Donna M. Ryu
United States Magistrate Judge