MATTHEW J. GLUCK (221571)
CRAIG C. DANIEL (212588)
GLUCK DANIEL ATKINSON LLP
201 Mission Street, Suite 1330
San Francisco, CA 94105
Telephone        415-510-2114
Facsimile        415-510-2208
Email            litigation@gluckdaniel.com

Attorneys for Defendant ROBERT J. SIGNORELLI

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| FREMONT BANK, a California state-chartered bank, <br><br> Plaintiff, <br><br> v. <br><br> ROBERT J. SIGNORELLI, individually and as Trustee of the SIGNORELLI FAMILY LIVING TRUST, dated April 8, 1994, amended February 28, 2001, November 22, 2005, and January 5, 2015; KATHRYN R. SIGNORELLI, Trustee of the SIGNORELLI FAMILY LIVING TRUST April 8, 1994, amended February 28, 2001, November 22, 2005, and January 5, 2015; and SIGNORELLI FAMILY, L.P., a Texas limited partnership, <br><br> Defendants. | Case No. 18-cv-04808-HSG <br><br> **MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION FOR AN ASSIGNMENT ORDER AND AN ORDER RESTRAINING JUDGMENT DEBTOR ROBERT SIGNORELLI** |

Defendants ROBERT J. SIGNORELLI and KATHRYN R. SIGNORELLI hereby submit this memorandum of points and authorities in opposition to the motion of Fremont Bank for an order (1) directing Robert Signorelli to assign to Fremont Bank his right to any distributions, dividends, and payments arising from his ownership of stock in FirstSun Capital Bankcorp held in his Royal Bank of Canada IRA (account ending in -2226) (the "FirstSun IRA Funds") (the "Assignment Order") and (2) restraining Mr. Signorelli from transferring his right to payment to a third party, or from encumbering, assigning, disposing of, or spending the proceeds from the stock, or otherwise hindering Fremont Bank's right to payment (the "Restraining Order").

## ARGUMENT

### I.  Mr. Signorelli's IRA assets are exempt from charging.

Property is exempt from collection "to the extent necessary for the support of the judgment debtor and the spouse and dependents of the judgment debtor." Cal. Civ. Proc. Code § 704.225. The proposed Orders would leave the Signorellis without sufficient income to support themselves.

To determine what is "necessary for support" of a judgment debtor's family, courts consider all income available to the judgment debtor and his family. *See* Cal. Code Civ. Proc. § 703.115 ("[T]he court shall take into account all property of the judgment debtor and, to the extent the judgment debtor has a spouse and dependents or family, all property of such spouse and dependents or family, including community property and separate property of the spouse, whether or not such property is subject to enforcement of the money judgment."). That income is compared to expenses provided by the debtor in a financial statement. *See Construction Laborers Trust Funds for S. Cal. Admin. Co. v. Dominguez*, 2017 WL 5633031, at *9 (C.D. Cal. Nov. 21, 2017). Courts should ensure that the judgment debtor "retain[s] enough money to maintain a basic standard of living, so that the debtor may have a fair chance to remain a productive member of the community." *Barnhill v. Robert Saunders & Co.*, 177 Cal. Rptr. 803, 806 (Ct. App. 1981).

As described in the accompanying Declaration of Robert J. Signorelli ("Signorelli Declaration"), aside from the interests Fremont Bank seeks to charge, the Signorellis have a combined annual income of $65,280 and nondiscretionary expenses of $164,520, resulting in an annual shortfall of $99,240. (Signorelli Dec. ¶¶ 6, 7.)

The Signorellis supplement their income with investment distributions that roughly average $200,000 per year. (Signorelli Dec. ¶ 9.) Because they cannot count on that income, the Signorellis sometimes must supplement with distributions from their IRA. Under California law, this Court should reject Fremont Bank's Motion.

Dated: January 23, 2023  GLUCK DANIEL ATKINSON LLP

*/Craig C. Daniel/*

Craig C. Daniel
Attorneys for Defendant ROBERT J. SIGNORELLI