KIRSCHENBAUM LAW, PC
JEFFREY B. KIRSCHENBAUM (SBN: 152290)
RAYMOND E. LOUGHREY
328 15th Street
Oakland, CA 94612
Telephone: (510) 740-9260
Email: jeff@kirschenbaumlaw.com
       ray@kirschenbaumlaw.com

Attorneys for Plaintiff,
Fremont Bank

# IN THE UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| FREMONT BANK, a California state chartered bank,<br><br>            Plaintiff,<br><br>      v.<br><br>ROBERT J. SIGNORELLI, individually and as Trustee of the SIGNORELLI FAMILY LIVING TRUST, dated April 8, 1994, amended February 28, 2001, November 22, 2005, and January 5, 2015; KATHRYN R. SIGNORELLI, Trustee of the SIGNORELLI FAMILY LIVING TRUST dated April 8, 1994, amended February 28, 2001, November 22, 2005, and January 5, 2015; and SIGNORELLI FAMILY, L.P., a Texas limited partnership,<br><br>            Defendants. | CASE NO. 18-cv-04808-HSG<br><br>**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF PLAINTIFF FREMONT BANK'S MOTION FOR AN ASSIGNMENT ORDER AND AN ORDER RESTRAINING JUDGMENT DEBTOR ROBERT SIGNORELLI**<br><br>Date:        February 23, 2023<br>Time:        1:00 p.m.<br>Courtroom:   4<br>Judge:       Hon. Donna M. Ryu |

Judgment was entered against Signorelli in April 2019, and interest has continued to accrue *for nearly four years*. But rather than making a good faith effort to satisfy the judgment, Signorelli has continually delayed and deflected.[1] His request for an exemption in response to Fremont Bank's motion for an assignment order is the latest in a long line of dilatory tactics, and smacks of bad faith. The financial statement he is required to provide fails to comply with the basic statutory requirements. It fails to state all of his income, and it lacks a list of assets and their value (including the IRA account that is the subject of this motion, and his ownership interest in several lucrative limited partnerships). It is not signed by his wife, who is required by statute to attest to its veracity. It does not compute Signorelli's net worth, which at his debtor's examination he estimated to be between $2,000,000 and $2,500,000. Nor has Signorelli met his burden of proof of establishing financial need for the FirstSun stock in his IRA, none of which he has ever sold or used to cover his expenses. At his debtor's examination, Signorelli testified that he does *not* use it for his and his wife's ongoing support. His request for an exemption should be denied.

## I.     SIGNORELLI'S FINANCIAL STATEMENT IS LEGALLY DEFICIENT

To qualify for an exemption, Signorelli was required to submit a financial statement that complies with Code of Civil Procedure section 703.530(b). That section states that the financial statement *shall include all of the following information*:

(1)    The name of the spouse of the judgment debtor.

(2)    The name, age, and relationship of all persons dependent upon the judgment debtor or the spouse of the judgment debtor for support.

(3)    *All sources and the amounts of earnings and other income of the judgment debtor and the spouse and dependents of the judgment debtor.*

(4)    *A list of the assets of the judgment debtor and the spouse and dependents of the judgment debtor and the value of such assets.*

---

[1] Fremont Bank's opening brief summarizes just a few of Signorelli's dilatory tactics, including his failure to appear for his debtor's examination in February 2022; his failure to file an opposition or appear at a civil contempt hearing in May 2022; the contempt finding against Signorelli in August 2022; and his failure to produce all responsive documents at his original debtor's examination on September 29, 2022. (Fremont Bank's Brief, 2:4-3:2.)

    (5)    All outstanding obligations of the judgment debtor and the spouse and dependents of the judgment debtor.

Moreover, section 703.530(c) states that the financial statement *shall be executed under oath by the judgment debtor and his or her spouse*, unless they are living separate and apart.

Signorelli's purported "financial statement" fails to comply with these requirements in several respects.

### A. Signorelli Failed to Disclose the Total Amount of His Income

Signorelli's financial statement did not include the *entire* amount of his earnings and other income as required by Code of Civil Procedure section 703.530(B)(3). He lists "reliable income" of $65,280 that consists in part of monthly distributions from a Royal Bank of Canada ("RBC") investment account and from a limited partnership called Bay City Partners. But he does not explain what he means by "reliable income" or how that is calculated. He does not disclose distributions he regularly receives from *other* partnership investments, including from Signorelli Family, L.P. ("Family L.P."). At his debtor's examination, Signorelli testified that he and his wife are 99% owners of Family L.P., and that they make distributions from the partnership to themselves *at their sole discretion* and *whenever they deem fit*:

> Q. Well, do you and your wife receive money from the Family Limited Partnership?
>
> A. We take money out as we need it in the form of a distribution.
>
> Q. And who is the general partner of Signorelli Family Limited Partnership?
>
> A. I am.
>
> Q. What percentage of the Family Limited Partnership do you and your wife own?
>
> A. Ninety-nine percent….
>
> Q. So am I correct that when you need funds, you'll declare a distribution by the Family Limited Partnership to yourself?
>
> A. Myself and the other partners.
>
> Q. So when a distribution is made, what percentage of that distribution would you and your wife receive?

|   |   |   |
|---|---|---|
| A. | | Ninety-nine percent. |
| Q. | | And then your son and daughter would each receive a half of one percent? |
| A. | | That's correct. |
| Q. | | Do you require input from any other person to make a distribution, or is that something that you, yourself, can decide? |
| A. | | No, I decide. |

(Loughrey Decl., Exh. A at 20:9-21:10.)

As detailed in the Kirschenbaum Declaration submitted in the companion motion for a charging order (Docket 99-2), Signorelli testified that Family L.P. in turn owns partnership interests in Pine Brook Capital Partners II, L.P. ("Pine Brook II") and PBCP Feeder, L.P. ("Feeder Partnership").[2] He testified that the promotors of these partnerships raised billions of dollars to invest in energy and finance companies, and that Family L.P. is one of many investors in the partnerships. Signorelli produced account statements showing that Family L.P. made $1,299,498 in capital contributions to Pine Brook II, and that that Family L.P. received $58,501 in cash distributions for the period January 1 through June 30, 2022 and $693,644 in cash distributions over the lifetime of the investment. He also produced an account statement for Feeder Partnership, showing that Family L.P. made $2,245.577 in capital contributions, and that Family L.P. received $150,685 of cash distributions for the period January 1 through June 30, 2022, and $2,935,224 in cash distributions over the lifetime of the investment.

Thus, in just the first half of 2022, Family L.P. received $209,186 in cash distributions from Pine Brook II and Feeder Partnership, 99% of which went to Signorelli as he saw fit. Signorelli's failure to report this income on his financial statement, and to provide a true picture of his net worth, shows a disturbing lack of candor to the Court. He claim for an exemption should be denied on that basis alone.

---

[2] Signorelli did not file any opposition to Fremont Bank's Motion for an Order Charging Judgment Debtor Signorelli Family, L.P.'s Partnership Interests in Pine Brook Capital Partners II, L.P. and PBCP Feeder, L.P. (Docket No. 99.)

3

PLAINTIFF'S REPLY MPA IN SUPPORT OF MOTION FOR ASSIGNMENT ORDER
CASE NO.: 18-CV-04808-HSG-DMR

**B. Signorelli Failed to Identify All of His Assets and to Disclose their Value**

Signorelli's financial statement did not include a list of his assets with their value, in violation of Code of Civil Procedure section 703.530(b)(4). This is striking given that at his debtor's examination, Signorelli estimated his net worth to be between $2,000,000 and $2,500,000. (Kirschenbaum Decl., Exh. A at 15:27-16:5.) He failed to list the value of the interest he owns in Family L.P., Pine Brook II, Feeder Partnership, Bay City Partners,[3] and Spring Office Park.[4] *He even failed to list the value of the IRA account that is the subject of this motion*, which he previously estimated to be about $800,000. (Kirschenbaum Decl., Exh. A, 49:8-11.) He failed to identify and state the value of numerous bank accounts he owns, the cars he drives, the jewelry he and his wife enjoy, or any other assets that could be used to satisfy the judgment.

At his debtor's examination, Signorelli produced account statements from bank accounts he owns, including those at Bank of America (accounts ending in 8250 and 2247); Wells Fargo (accounts ending 7790 and 4733); Patelco Credit Union (account ending 2285); and Independent Financial (accounts ending 1760 and 0436)[5]. He also produced statements showing that he owns several RBC investment accounts (accounts ending 2224, 2226, and 2238.) (Loughrey Decl., ¶ 7.) *None* of those accounts are identified, together with their current balances, on Signorelli's financial statement.

At his debtor's examination, Mr. Signorelli testified that he and his wife drive two Mercedes that they purchased outright in January 2018 -- just months before Fremont Bank filed its complaint against them for failing to repay their loan. (Loughrey Decl., Exh. A at 13:16-25; 45:15-46:3; Exh. B.) He produced documents showing that they own a substantial jewelry

---

[3] Signorelli and his wife, through Family L.P., own a partnership interest in Bay City Partners, L.P., the owner of a medical plaza in Bay City, Texas. He testified that Bay City Partners makes monthly cash distributions to Family L.P. that are deposited into a checking account at Independent Financial. (Loughrey Decl., Exh. A at 18:6-20:4.)

[4] Signorelli and his wife, through Family L.P., own a partnership interest in Spring Business Park, Ltd. located in Spring, Texas. He produced a K-1 for 2021 that shows that Family L.P.'s capital account was $124,872. (Loughrey Decl., Exh. D.)

[5] Independent Financial account ending 1760 had a balance of $228,503.87 as of August 31, 2022, the latest account statement that Signorelli provided. (Loughrey Decl., Exh. E.)

4
PLAINTIFF'S REPLY MPA IN SUPPORT OF MOTION FOR ASSIGNMENT ORDER
CASE NO.: 18-CV-04808-HSG-DMR

collection, including valuable earrings, bracelets, rings, necklaces, and watches. (Loughrey Decl., Exh. A at 13:18-20; Exh. C.) But Signorelli's financial statement identifies no cars, no jewelry, no list of household furnishings, or any other items of value.

### C. Signorelli's Spouse Failed to Sign the Financial Statement Under Oath

Signorelli's financial statement was not signed under oath by his wife, Kathryn R. Signorelli, in violation of Section 703.530(c). Ms. Signorelli's assets -- even if separate property – must be included in the evaluation. But there is no sworn statement from Ms. Signorelli that the financial statement her husband provided is true, or that she has no assets.

## II. SIGNORELLI FAILED TO SHOW THE PROCEEDS OF THE IRA ACCOUNT ARE NECESSARY FOR HIS SUPPORT

Signorelli argues that an assignment order would leave him and his wife "without sufficient income to support themselves." (Opp. Brief, 2:13.) He claims they have a "combined annual income of $65,280 and nondiscretionary expenses of $164,520, resulting in an annual shortfall of $99,240." (*Id.*, 2:26-28.) As discussed above, that is simply not true as per Signorelli's own testimony. Moreover, the documents he produced show that Family L.P. – of which Signorelli and his wife at 99% owners – received over $209,000 in cash distributions from Pine Brook II ($58,501) and Feeder Partnership ($150,685) just in the first half of 2022. He testified that they take distributions from Family L.P. as they see fit. They also have stakes in other partnerships, bank accounts, investment accounts, cars, jewelry, and other personal property. But none of this is reflected in his purported financial statement.

The case of *Choice Hotels Int'l, Inv. v. Penta Denver, LLC* (2015 U.S. Dist. LEXIS 79994, 2015 WL 3830691) is instructive. In that case – like here -- the judgment debtor claimed an exemption on the ground that their net monthly finances operated at a significant loss. Also – like here – the judgment debtor and his wife owned substantial assets, including bank accounts, personal property, and interests in real estate. The District Court denied the request for an exemption on the grounds that *all* assets were to be considered, and not just liquid assets:

> [T]he statute requires the Court to consider *all* property of the debtor. *See* Cal. Code Civ. Proc. § 703.115. Exhibit B reflects that the family has millions of dollars in assets including money in a bank account, personal property, and stakes in a number of high-valued properties.

5

> [Citation.] In light of these substantial assets, the Court cannot conclude that the $775 per month sought from [the spouse's] income is necessary for the family's support. The judgment debtor's argument to the contrary is unpersuasive. First, the judgment debtor asks the Court to focus only on his family's liquid assets – *i.e.*, the monthly income they use to pay necessary expenses. But the statute mandates that the Court take into account *all* property – whether "subject to enforcement" or not, and certainly does not cabin that consideration to liquid assets.

(*Choice Hotels*, 2015 U.S. Dist. LEXIS 79994 at *11-12 (italics in the original).) The Court here should similarly deny the claim for an exemption.[6]

In any event, an exemption is not an all-or-nothing affair; instead, "it exempts these accounts 'only to the extent necessary to provide for the support of the judgment debtor when the judgment debtor retires and for the support of the spouse and dependents of the judgment debtor.' [Citations.]" (*O'Brien v. AMBS Diagnotics, LLC* (2016) 246 Cal. App. 4th 942, 950, quoting Code Civ. Proc. § 704.115(e).) The debtor has the burden of establishing his property qualifies for exemption. (*Id.* at p. 948; *see Schwartzman v. Wilshinsky* (1996) 50 Cal. App. 4th 619, 626.)

Signorelli failed to make *any* showing that the funds held in the IRA are necessary for his and his wife's ongoing support. As discussed in Fremont Bank's opening brief, Signorelli's own testimony established that the FirstSun stock in his IRA is *not* necessary for his support during retirement. He testified that he acquired the stock approximately six years ago, has not sold any of the shares and does not use the shares to support himself or his family. (Kirschenbaum Decl. ¶ 16.) Nothing in Signorelli's opposition or in his request for an exemption disputes this. Moreover, as discussed above, Signorelli estimated his net worth to be between $2,000,000 and $2,500,000. He clearly has the current ability to meet his and his wife's regular living expenses without resorting to the FirstSun shares.

---

[6] The judgment debtor in *Choice Hotels* also received monthly contributions from his parents, which were absent from his monthly expense chart. The District Court considered those contributions as well. (*Choice Hotels*, 2015 U.S. Dist. LEXIS 70004 at *10.) Here, Signorelli testified that he previously received income from his son, Thomas Signorelli, of $5,000 to $7,000 per month. (Loughrey Decl., Exh. A at 12:2-17.) While Thomas Signorelli is not obligated to contribute to his parents' support, it is certainly a possibility.

### III. SIGNORELLI'S PRIOR REQUEST FOR AN EXEMPTION WAS DENIED

In August 2018, Fremont Bank filed an application for a right to attach order, to which Signorelli sought an exemption on the ground that the property was "necessary for the support of a defendant who is a natural person or the family of such defendant supported in whole or in part by the defendant." Signorelli argued, among other things, that "It is critical that Defendant have their accounts unencumbered to alow [sic] them to pay personal bill [sic] and living expenses for things such as food, gasoline, health insurance and other basic everyday living expenses." (Docket No. 32, at 4:25-28.) Even though the financial information provided by Signorelli at that time was substantially more robust than that produced here, Judge Gilliam nevertheless found that "the showing is inadequate to support the 'necessary for support' exemption." (Docket No. 33, at 8:6-8.) Upon Fremont Bank's renewed application for a right to attach order, Judge Gilliam found yet again in January 2019 that Signorelli's showing for an exemption was inadequate. (Docket No. 37, at 3:4-8.)

Nothing has changed since the Court previously twice denied Signorelli's claim for an exemption. Indeed, Signorelli's showing here is substantially less than it was the prior two times. His request for an exemption should be denied yet again.

### IV. CONCLUSION

For the aforementioned reasons, the Court should enter an order directing Signorelli to assign to Fremont Bank his right to any distributions, dividends, and payments arising from his ownership of FirstSun stock, and restraining Signorelli from transferring his right to payment to a third party, or from otherwise hindering Fremont Bank's right to payment.

Dated: January 30, 2023                    KIRSCHENBAUM LAW, PC

                                           By: /s/ Raymond E. Loughrey
                                               Raymond E. Loughrey
                                               Attorneys for Plaintiff
                                               FREMONT BANK