1  MATTHEW J. GLUCK (221571)
   CRAIG C. DANIEL (212588)
2  GLUCK DANIEL ATKINSON LLP
3  201 Mission Street, Suite 1330
   San Francisco, CA 94105
4  Telephone      415-510-2114
   Facsimile      415-510-2208
5  Email          litigation@gluckdaniel.com

6
7  Attorneys for Defendant ROBERT J. SIGNORELLI

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| FREMONT BANK, a California state-chartered bank,<br><br>Plaintiff,<br><br>v.<br><br>ROBERT J. SIGNORELLI, individually and as Trustee of the SIGNORELLI FAMILY LIVING TRUST, dated April 8, 1994, amended February 28, 2001, November 22, 2005, and January 5, 2015; KATHRYN R. SIGNORELLI, Trustee of the SIGNORELLI FAMILY LIVING TRUST April 8, 1994, amended February 28, 2001, November 22, 2005, and January 5, 2015; and SIGNORELLI FAMILY, L.P., a Texas limited partnership,<br><br>Defendants. | Case No. 18-cv-04808-HSG<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION FOR AN ORDER CHARGING JUDGMENT DEBTOR SIGNORELLI FAMILY, L.P.'S PARTNERSHIP INTERESTS IN PINE BROOK CAPITAL PARNTERS II, L.P. AND PBCP FEEDER, L.P.** |

Defendants ROBERT J. SIGNORELLI, individually and as Trustee of the SIGNORELLI FAMILY LIVING TRUST, dated April 8, 1994, amended February 28, 2001, November 22, 2005, and January 5, 2015 (the "Family Trust"); KATHRYN R. SIGNORELLI, Trustee of the Family Trust and SIGNORELLI FAMILY, L.P. (the "Family L.P.") hereby submit this memorandum of points and authorities in opposition to the motion of Fremont Bank for an order charging the Family L.P.'s partnership interests in Pine Brook Capital Partners II, L.P., a Delaware limited partnership ("Pine Brook II L.P.") and PBCP Feeder, L.P. ("Feeder L.P."), collectively "Pine Brook").

**ARGUMENT**

**I. The Family L.P.'s interests are exempt from charging.**

Property is exempt from collection "to the extent necessary for the support of the judgment debtor and the spouse and dependents of the judgment debtor." Cal. Civ. Proc. Code § 704.225. The proposed Charging Order would leave the Signorellis without sufficient income to support themselves.

To determine what is "necessary for support" of a judgment debtor's family, courts consider all income available to the judgment debtor and his family. *See* Cal. Code Civ. Proc. § 703.115 ("[T]he court shall take into account all property of the judgment debtor and, to the extent the judgment debtor has a spouse and dependents or family, all property of such spouse and dependents or family, including community property and separate property of the spouse, whether or not such property is subject to enforcement of the money judgment."). That income is compared to expenses provided by the debtor in a financial statement. *See Construction Laborers Trust Funds for S. Cal. Admin. Co. v. Dominguez*, 2017 WL 5633031, at *9 (C.D. Cal. Nov. 21, 2017). Courts should ensure that the judgment debtor "retain[s] enough money to maintain a basic standard of living, so that the debtor may have a fair chance to remain a productive member of the community." *Barnhill v. Robert Saunders & Co.*, 177 Cal. Rptr. 803, 806 (Ct. App. 1981).

As described in the accompanying Declaration of Robert J. Signorelli ("Signorelli Declaration"), aside from the interests Fremont Bank seeks to charge, the Signorellis have a

combined annual income of $65,280 and nondiscretionary expenses of $164,520, resulting in an annual shortfall of $99,240. (Signorelli Dec. ¶¶ 6, 7.)

The Signorellis supplement their income with distributions from Pine Brook. Pine Brook distributes income infrequently, but roughly average $200,000 per year. (Signorelli Dec. ¶ 9.) Without that income, the Signorellis would not be able to cover their annual expenses.

In years in which Pine Brook does not distribute sufficient income to compensate for the Signorellis' expense shortfall, they rely on distributions from Mr. Signorelli's IRA, which distributions are the subject of a separate Motion for an Assigning Order. The Signorellis are not opposing that motion, so going forward they will be solely reliant on distribution from Pine Brook to meet their expenses.

Under California law, this Court should reject Fremont Bank's Motion.

Dated: January 23, 2023     GLUCK DANIEL ATKINSON LLP

    */Craig C. Daniel/*

    Craig C. Daniel
    Attorneys for Defendant ROBERT J. SIGNORELLI